1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

* * *

5

6

LeShaun Young,

Case No. 2:21-cv-01697-RFB-DJA

Plaintiff,

7

v.

**Report and Recommendation**

8

United States of America, et al.,

9

Defendants.

10

11

12        After the Court rejected Plaintiff LeShaun Young's initial complaint (ECF No. 1-1) for

13   failure to pay the filing fee or including an application to proceed *in forma pauperis*, Plaintiff

14   filed his application.  (ECF No. 4).  Plaintiff also filed a motion to appoint counsel (ECF No. 7)

15   and a motion to transfer to multidistrict litigation (ECF No. 5).  Because Plaintiff's complaint is

16   delusional and frivolous, the Court recommends dismissal with prejudice.  It further recommends

17   that Plaintiff's motion to appoint counsel and motion to transfer to multidistrict litigation be

18   denied as moot.  The Court finds these matters properly resolved without a hearing.  LR 78-1.

19   **I.        Background.**

20        Plaintiff's original complaint is nearly impossible to decipher.  (ECF No. 1-1).  Plaintiff

21   seems to allege claims against former presidents and other public figures for violations of

22   Plaintiff's privacy rights.  (*Id.* at 2-3).  Plaintiff names even more public figures in his application

23   to proceed *in forma pauperis*, including the hosts of "Shark Tank," the Pope, Oprah Winfrey,

24   Elon Musk, George Lucas, and many others.  (ECF No. 4 at 7).  Plaintiff seems to assert claims

25   for violations of his constitutional rights and mail fraud against these individuals.  (*Id.*).

26

27

28

1    **II.    Discussion.**

2    The Court recommends dismissing Plaintiff's complaint with prejudice.  District courts

3    have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot

4    possibly win relief."  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1998).[1]  A

5    complaint should be dismissed for failure to state a claim upon which relief may be granted "if it

6    appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that

7    would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A

8    complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or

9    delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  The court

10   liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that

11   the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

12   *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

13   Here, even liberally construing Plaintiff's complaint, the Court finds that the factual

14   allegations are nearly impossible to understand and describe factual and delusional scenarios that

15   do not state a claim upon which relief can be granted.  Plaintiff cannot state a claim and the

16   complaint is properly characterized as frivolous and delusional.  Given that both Plaintiff's

17   original complaint and his later-filed application to proceed *in forma pauperis* both contained

18   indecipherable and fantastic claims, amendment would be futile.  The Court thus recommends

19   dismissal with prejudice.

20   **REPORT AND RECOMMENDATION**

21   **IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be

22   **dismissed with prejudice** as delusional and frivolous.

23

24

25   [1] When a plaintiff seeks to proceed *in forma pauperis*, courts screen the complaint to ensure that a claim for relief has been stated.  28 U.S.C. § 1915(e).  Here, Plaintiff filed an incomplete
26   application to proceed *in forma pauperis* and failed to sign his application. (ECF No. 4).  Given the Court's separate ability to dismiss the complaint under to the authority cited above, however,
27   the Court need not address whether Plaintiff qualifies to proceed *in forma pauperis* before
28   recommending dismissal.

1    **IT IS FURTHER RECOMMENDED** that Plaintiff's application to proceed *in forma*

2  *pauperis* (ECF No. 4), motion to transfer to multidistrict litigation (ECF No. 5) and motion for

3  appointment of counsel (ECF No. 7) be **denied as moot.**

4                                          <u>**NOTICE**</u>

5    Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

6  in writing and filed with the Clerk of the Court within fourteen (14) days after service of this

7  Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

8  been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474

9  U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that

10  (1) failure to file objections within the specified time and (2) failure to properly address and brief

11  the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

12  issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991);

13  *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

14

15    DATED: December 15, 2021

16                                          _____

17                                          DANIEL J. ALBREGTS
                                           UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28